**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**THOMAS E.,**

**Plaintiff,**

**vs.** **1:24-CV-669 (MAD)**

**COMMISSIONER OF SOCIAL SECURITY,**

**Defendant.**

---

| APPEARANCES: | OF COUNSEL: |
| --- | --- |
| **PIERRE PIERRE LAW, P.C.**<br>2nd Floor, Suite 4<br>15 Park Place<br>Bronxville, New York 10708<br>Attorney for Plaintiff | **EDDY PIERRE PIERRE, ESQ.** |
| **SOCIAL SECURITY ADMINISTRATION**<br>6401 Security Boulevard<br>Baltimore, Maryland 21235<br>Attorney for Defendant | **HUGH DUNN RAPPAPORT, ESQ.** |

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

Eddy Pierre Pierre ("Petitioner"), the attorney for Plaintiff Thomas E., moved this Court on November 7, 2025, pursuant to 42 U.S.C. § 406(b)(1) for an award of attorney's fees based on a contingency fee agreement between Plaintiff and Petitioner. *See* Dkt. No. 19. The Commissioner of Social Security (the "Commissioner") "neither supports nor opposes counsel's request for attorney's fees," and asserts that "[i]t is for the Court to decide" whether the requested fee award is reasonable. Dkt. No. 25 at 1-2.

## II. BACKGROUND

Plaintiff commenced this action on March 15, 2024, seeking review of the Commissioner's decision denying his application for Social Security Disability Insurance benefits. *See* Dkt. No. 1. On December 26, 2024, the Court granted the parties' motion to remand the case to the Social Security Administration ("SSA") for further proceedings. *See* Dkt. Nos. 14, 15, 16. The parties then entered into a stipulation for attorney's fees. *See* Dkt. No. 1. Pursuant to that stipulation, the Court approved an award of $7,125.00 in attorney's fees for Petitioner under the Equal Access to Justice Act ("EAJA"). *See* Dkt. No. 18.

Presently before the Court is Petitioner's motion for an award of attorney's fees under 42 U.S.C. § 406(b), *see* Dkt. No. 19, which authorizes a court to grant "a reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits" awarded to a Social Security claimant, 42 U.S.C. § 406(b)(1)(A). Petitioner notes in his motion that on February 23, 2025, Plaintiff passed away and that, "[o]n remand to the Commissioner of Social Security for rehearing, Christian Weaver was substituted as party for the deceased Plaintiff's claim." Dkt. No. 19-1 at 1 n.1. On remand, Petitioner received a favorable determination for which Plaintiff was awarded $89,552.00 in past due benefits from March 2, 2021, through February 23, 2025, the date of his death. *See* Dkt. No. 19-2 at ¶¶ 10-13.

Petitioner declares that the contingency fee agreement between himself and Plaintiff states that Petitioner may move the Court for an award of up to twenty-five percent of Plaintiff's retroactive benefits. *See id.* at ¶ 6. Plaintiff's past-due benefits total $89,552.00. *See id.* at ¶ 13.

Petitioner seeks twenty-five percent of that total for his attorney's fees, in the amount of $22,388.00. *See id.*[1]

The Commissioner agrees that "Plaintiff's past-due benefits were $89,552 . . . . Twenty five percent of that amount is $22,388 (0.25 * $89,552 = $22,388)." Dkt. No. 25 at 2 (internal citation omitted). However, "as a result of an error at the administrative level, [the] SSA presently is holding only $4,540 to pay attorney fees." *Id.* (emphasis omitted). The Commissioner explains that the "SSA disbursed the lion's share of Plaintiff's past-due benefits to his estate; and SSA disbursed a small portion of Plaintiff's past-due benefits to the law firm that represented Plaintiff before this Court." *Id.* Specifically, the "SSA mailed a check for $80,352 to Plaintiff's estate; it paid $4,540 via direct deposit to the law firm that represented Plaintiff before this Court[.]" *Id.* at n.3. The Commissioner contends that if Petitioner "wishes to pursue past-due benefits that SSA is not holding, then he 'must resolve the collection of [such funds] directly with [Plaintiff's] estate.'" *Id.* at 2 (quoting SSA Program Operations Manual System GN 03920.055(F)). Finally, the Commissioner asks that Petitioner be required to reimburse Plaintiff for the EAJA funds he received upon receipt of the requested attorney's fees. *See id.* at 3.

On April 10, 2026, Petitioner filed a reply. *See* Dkt. No. 28. Petitioner argues that the Commissioner's contention that he must seek his attorney's fees from Plaintiff's estate "oversteps Defendant's role in this process and should not be granted by the Court." Dkt. No. 28 at 2. Petitioner notes that "Defendant concedes that the SSA committed error in carrying out its own agency policy by prematurely releasing past-due benefits directly to Plaintiff's estate." *Id.* at 2

---

[1] Petitioner miscalculates twenty-five percent of Plaintiff's past-due benefits by $7.50. According to Plaintiff's Notice of Award, he was awarded $89,552.00 in past-due benefits. *See* Dkt. No. 19-5 at 2. Twenty-five percent of that is $22,388.00. This is the amount that the Court will use in making its decision.

(citation omitted). According to Petitioner, "Defendant's assertion that Counsel must now follow the agency policy of POMS GN 03920.055(F) to resolve this internal error creates an unduly burdensome means for Counsel to recover his attorney fee." *Id.* Petitioner contends "[t]hat section of the POMS, which deals with deceased claimants, is the only POMS section that does not allow a plaintiff's attorney to request assistance from the Commissioner in obtaining this attorney fee through overpayment means." *Id.* Petitioner argues that the POMS conflicts with 42 U.S.C. § 406(b)(1), which "'Congress intended to promote the access of social security claimants to competent representation by making it easier for attorneys to collect fees.'" *Id.* (quoting *Garland v. Astrue*, 492 F. Supp. 2d 216, 223 (E.D.N.Y. 2007)).

## III. DISCUSSION

### A. Reasonableness

"The effect of § 406(b) is threefold: 'it fixes a maximum percentage for contingent fees of twenty-five percent; it permits recovery of such fees only out of past due benefits; and it requires court approval for whatever amount of fees should be paid.'" *Mileke W. v. Comm'r of Soc. Sec.*, No. 5:22-CV-1387, 2025 WL 1951822, *2 (N.D.N.Y. July 16, 2025) (quoting *Fields v. Kijakazi*, 24 F.4th 845, 852 (2d Cir. 2022)) (internal quotation marks, footnote, and alterations omitted). As the Second Circuit has stated, § 406(b) "allows contingency agreements but gives no guidance as to how a court should treat them in determining a reasonable fee." *Fields*, 24 F.4th at 852 (quoting *Wells v. Sullivan*, 907 F.2d 367, 369 (2d Cir. 1990)) (internal quotation marks omitted).

"'[B]ecause a successful social security claimant evaluates and pays his own attorney, a court's primary focus should be on the reasonableness of the contingency agreement in the context of the particular case'—'not an hourly rate determined under lodestar calculations.'" *Id.* at 853 (quoting *Wells*, 907 F.2d at 371). This "reasonableness" review considers the following factors:

> (1) whether the percentage is within the [twenty-five percent] cap; (2) whether there has been fraud or overreaching; (3) whether the requested amount is a windfall to the claimant's attorney; (4) the character and results of the representation; (5) the amount of time spent on the case; (6) whether the attorney is responsible for any delay; and (7) the normal charge for non-contingent-fee cases.

*Michael N. v. Comm'r of Soc. Sec.*, No. 5:23-CV-175, 2025 WL 1519316, *1 (N.D.N.Y. May 28, 2025) (citing *BillyJo M. v. Comm'r of Soc. Sec.*, 568 F. Supp. 3d 309, 311 (W.D.N.Y. 2021); *Fields*, 24 F.4th at 854).

Here, Petitioner attests that his law firm "has expended 30.43 attorney hours of work on Plaintiff's case, and 6.27 paralegal hours." Dkt. No. 19-2 at ¶ 12. For that work, he seeks an award of $22,388.00. *See id.* at ¶ 13. The Commissioner does not support or oppose this request. *See* Dkt. No. 25 at 2.

The Court finds that Petitioner's request, based on the contingency fee agreement between Petitioner and Plaintiff, is reasonable. Petitioner's request is twenty-five percent of Plaintiff's past-due benefits. There is no evidence of fraud or overreaching. Petitioner achieved a favorable result for Plaintiff. There is no delay attributable to Petitioner demonstrated in the record. Nor is there evidence in the record that the requested amount is a windfall to Petitioner. Specifically, Petitioner states that "when dividing the number of hours expended into the amount requested, equals an hourly fee of" approximately $735. *See* Dkt. No. 19-1 at 4.[2]

"'In the Northern District of New York, as well as in other districts within the Second Circuit, the average time approved by courts for routine social security disability cases ranges from twenty to forty hours.'" *Kathryne Irene C. v. Comm'r of Soc. Sec.*, No. 5:24-CV-568, 2025

[2] Petitioner states, "$22,380.50 divided by counsel's 30.43 hours equals an hourly fee of $735.47." Dkt. No. 19-1 at 4, n.3. However, using the appropriate figure, $22,388.00 divided by 30.43 hours equals $735.72. Either way, this amount is reasonable.

WL 2172694, *2 (N.D.N.Y. July 31, 2025) (quoting *Parsons v. Comm'r of Soc. Sec.*, No. 07-CV-1053, 2008 WL 5191725, *1 (N.D.N.Y. Dec. 10, 2008)). To be sure, "[t]he 'suggested "20-40 hours" benchmark was based on the first set of cases decided under the EAJA,' and that 'district courts have ruled a certain way for decades, without more, is not sufficient to conclude that the hours expended by the plaintiff's counsel are excessive.'" *Santiago v. Comm'r of Soc. Sec.*, No. 20-CV-11104, 2023 WL 21853, *3 (S.D.N.Y. Jan. 3, 2023) (quoting *Morales v. Comm'r of Soc. Sec.*, No. 10-CV-8773, 2021 WL 1736920, *2 (S.D.N.Y. May 3, 2021)). Having reviewed Petitioner's affirmation, the contingency fee agreement, the SSA's Award Notice, and Petitioner's time sheets, the Court finds the hours spent and fee request to be reasonable.

"[W]hen an attorney seeks fees under both [the EAJA and § 406(b)], the EAJA award is treated as an offset: the claimant's attorney must refund to the claimant the amount of the smaller fee[.]" *Mileke W.*, 2025 WL 1951822, at *3 (citing *Gisbrecht*, 535 U.S. at 796). Petitioner states he will refund the $7,125.00 award to Plaintiff. *See* Dkt. No. 19-2 at ¶ 11. However, as explained, Plaintiff is deceased. Therefore, "given the unique set of circumstances, requiring the attorney to return the EAJA award would only serve to create confusion and undue delay." *Cox v. Astrue*, No. 04-CV-208, 2011 WL 5402140, *4 (E.D.N.Y. Apr. 18, 2011), *R. & R. adopted*, 2011 WL 5402380 (E.D.N.Y. Nov. 4, 2011). Although it "is not the usual practice," the Court will subtract the EAJA fees from the amount of attorney's fees owed to Petitioner, which "is permissible." *Id.* (citing *Green v. Comm'r of Soc. Sec.*, 390 Fed. Appx. 873, 874 (11th Cir. 2010) (per curiam)).

Additionally, the Commissioner states that the SSA has already paid Petitioner's law firm $4,540. *See* Dkt. No. 25 at 2, n.3. In sum, Petitioner is due to be awarded $10,723.00, which is

$22,388.00 subtracted by the EAJA fees of $7,125.00 and $4,540 already given to Petitioner's law firm from the SSA.

**B. Procedure for Obtaining Attorney's Fees**

This dilemma in Petitioner's attorney's fees request is not about its reasonableness, but about how Petitioner is supposed to receive the funds. The Commissioner asserts that Petitioner must try to collect the outstanding funds from Plaintiff's estate. *See* Dkt. No. 25 at 2. That is despite SSA's own "error at the administrative level[.]" *Id.* Petitioner asserts that the Commissioner "does not explain why Counsel must follow this method when it conflicts on its face with section 406(b)'s rationale that it should be easier, not more difficult, for attorneys to collect their attorney fees after prevailing in court." Dkt. No. 28 at 2-3.

"[T]he SSA makes fees awards under [§ 406] payable directly to a prevailing claimant's attorney." *Astrue v. Ratliff*, 560 U.S. 586, 594-95 (2010) (citing 42 U.S.C. § 406(b)(1)(A)). "By passing 406(b), Congress intended to promote the access of social security claimants to competent representation by making it easier for attorneys to collect fees." *Garland*, 492 F. Supp. 2d at 223 (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 805-06 (2002)).

Petitioner points the Court to two cases from the Eastern District of New York wherein the SSA did not withhold a sufficient amount of funds for the plaintiffs' attorney fees. *See* Dkt. No. 28 at 3-4 (citing Joh*nson v. Comm'r of Soc. Sec.*, No. 16-CV-4219, 2020 WL 6128966, *2 (E.D.N.Y. Oct. 19, 2020); *Ramsey v. Comm'r of Soc. Sec.*, No. 18-CV-3064, 2021 WL 9541326, *3 (E.D.N.Y. Nov. 15, 2021)). In each of those cases, the district court rejected the SSA's argument that the attorney should look to the claimant plaintiff to recover the funds. *See Johnson*, 2020 WL 6128966, at *2 ("The Court rejects the Commissioner's argument that, pursuant to

POMS GN 03920.055(B)(2), plaintiff's counsel should 'look to [the claimant] for payment'"); *Ramsey*, 2021 WL 9541326, at *3 (relying on *Johnson* and holding the same).

In neither of those cases was the plaintiff deceased. Here, the SSA failed to withhold sufficient funds and disbursed the funds to Plaintiff's estate. As relevant to those circumstances, the SSA's POMS state as follows:

> We cannot post an overpayment to a deceased claimant's record. Therefore, in the event the claimant is deceased at the time we discover we inadvertently failed to withhold sufficient past-due benefits to pay all or part of an authorized or court-awarded fee, the technician with jurisdiction over the fee payment must inform the representative or court attorney that we cannot pay the fee. The representative or court attorney must resolve the collection of the fee directly with the claimant's estate.

GN 03920.055(F), Failure to Withhold Past-due Benefits for Direct Payment, http://policy.ssa.gov/poms.nsf/lnx/0203920055, 09/30/2025.

"The POMS is a set of guidelines through which the Social Security Administration 'further construe[s]' the statutes governing its operations." *Lopes v. Dep't of Soc. Servs.*, 696 F.3d 180, 186 (2d Cir. 2012) (quoting *Clark v. Astrue*, 602 F.3d 140, 144 (2d Cir. 2010)). "[The Second Circuit has] held that POMS guidelines are entitled to 'substantial deference, and will not be disturbed as long as they are reasonable and consistent with the statute.'" *Id.* (quoting *Bubnis v. Apfel*, 150 F.3d 177, 181 (2d Cir. 1998)). "But [courts] have declined to defer to the POMS where 'the plain language of the statute and its implementing regulation do not permit the construction contained within the manuals.'" *Id.* (quoting *Oteze Fowlkes v. Adamec*, 432 F.3d 90, 96 (2d Cir. 2005)); *see also Tejada v. Apfel*, 167 F.3d 770, 775 (2d Cir. 1999) ("[T]he POMS guidelines 'ha[ve] no legal force, and [they] do[ ] not bind the [Commissioner].' . . . And,

ordinarily, where the POMS are inconsistent with the statute, we will not apply them") (citations omitted).

Petitioner "may seek payment directly from Plaintiff or request the Administration to commence overpayment proceedings to recover the outstanding funds from Plaintiff on her behalf." *Nieves v. Saul*, No. 3:17-CV-940, 2021 WL 8972943, *2 (M.D. Fla. Apr. 9, 2021). Statutorily, "[w]ith respect to payment to a person of more than the correct amount, the Commissioner of Social Security . . . *shall* require such overpaid person *or his estate* to refund the amount in excess of the correct amount[.]" 42 U.S.C. § 404(a)(1)(A) (emphasis added). Where the statutory framework requires the SSA to initiate proceedings to recoup the overpaid funds from a claimant or his estate, the Court will not follow the contrary POMS instruction requiring Petitioner to first seek to recoup the funds, himself.

However, the Court notes that "[b]ecause § 406 involves the payment of attorney fees out of the claimant's own past due benefits rather than payment by the government out of general funds, it cannot be construed as a waiver of sovereign immunity. . . . Thus, the court cannot order the agency to pay [an attorney] out of general funds." *Watkins v. Astrue*, No. 08-CV-163, 2012 WL 4748826, *2 (E.D. Ky. Oct. 4, 2012) (citation and footnote omitted); *see Nieves v. Saul*, No. 3:17-CV-940, 2021 WL 8972943, *2 (M.D. Fla. Apr. 9, 2021) (collecting cases); *Binder & Binder, P.C. v. Colvin*, 55 F. Supp. 3d 439, 446 (E.D.N.Y. 2014), *aff'd*, 818 F.3d 66 (2d Cir. 2016).

Based on the foregoing, the Court finds that Petitioner is entitled to a reasonable attorney's fees award of $10,723.00 from Plaintiff's past-due benefits that the SSA failed to withhold and which were paid to Plaintiff's estate. The Commissioner states that the SSA is presently holding $4,540 to pay attorney's fees. *See* Dkt. No. 25 at 2. The SSA shall pay that

amount to Petitioner. As for the remaining, $6,183.00, the SSA "shall require such overpaid . . . estate to refund the amount in excess of the correct amount[.]" 42 U.S.C. § 404(a)(1)(A); *see also Wester v. Saul*, No. 3:17-CV-886, 2021 WL 129948, *2 (M.D. Fla. Jan. 14, 2021) ("To the extent the Administration should have withheld a greater portion of [the p]laintiff's past-due benefits, . . . [the attorney] may request the Administration to commence overpayment proceedings to recover the funds from [the p]laintiff on her behalf"). Petitioner may also seek those funds from the estate himself. Petitioner may not, however, absent a waiver of sovereign immunity, obtain those funds from the SSA's general funds. *See Culbertson v. Berryhill*, 586 U.S. 53, 62 (2019) ("Any concerns about a shortage of withheld benefits for direct payment and the consequences of such a shortage are best addressed to the agency, Congress, or the attorney's good judgment").

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions, and the applicable law, the Court hereby

**ORDERS** that Petitioner's motion for attorney's fees (Dkt. No. 19) is **APPROVED** in the amount of $22,388.00; and the Court further

**ORDERS** that the Social Security Administration is directed to approve a payment of $4,540.00 to Petitioner; and the Court further

**ORDERS** that the Social Security Administration is directed to follow appropriate administrative procedures to attempt to recover the amount of $6,183.00[3] out of Plaintiff's past-

[3] The outstanding $6,183 that is to be sought from Plaintiff's estate is derived from the total $22,388 approved as attorney's fees minus the $4,540 already paid by the SSA to Petitioner's law firm from Plaintiff's past-due benefits, the $7,125 in EAJA fees that the Court is not requiring to be returned to Plaintiff in light of the posture of the case, and the $4,540 that the SSA withheld and which has been ordered to be given to Petitioner.

due benefits that were provided to Plaintiff's estate and submit those funds directly to Petitioner; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: November 13, 2026
Albany, New York

Mae A. D'Agostino
U.S. District Judge